# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO G.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:19-cv-02206-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On November 15, 2019, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this action is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**ADMINISTRATIVE BACKGROUND**

On June 30, 2017, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on April 10, 2016. (Administrative Record ("AR") 21, 110-11.) Plaintiff alleged disability because of depression, anxiety, panic attacks, inability to sleep, fatigue, shaking hands, and excessive sweating. (AR 88-89, 99-100, 113, 126.) After the applications were denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 160-62.) At an initial hearing held on February 14, 2019, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 64-87.) At a supplemental hearing held on May 7, 2019, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 42-63.)

In a decision issued on July 8, 2019, the ALJ denied Plaintiff's claim after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 21-34.) Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of April 10, 2016. (AR 24.) He had severe impairments consisting of anxiety and depression. (*Id*.) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 26.) He had a residual functional capacity for a full range of work at all exertional levels but with the following nonexertional limitations: he could perform simple routine and repetitive tasks; make simple work-related decisions; and occasionally interact with supervisors, coworkers, and the public. (AR 28.) He was unable to perform his past relevant work as a "machine operator, woodworking." (AR 32.) However, he could perform other work in the national economy, in the occupations of hand packager, laundry worker II, and floor waxer. (AR 33.) In sum, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 34.)

On September 18, 2019, the Appeals Council denied Plaintiff's request for review. (AR 1-8.) Thus, ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUES

The parties raise the following disputed issues:

1. Whether the ALJ properly considered the opinions of Dr. Liu; and
2. Whether the ALJ properly considered Plaintiff's testimony and the lay witness's statement.

(ECF No. 18, Parties' Joint Stipulation ["Joint Stip."] at 4.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

///
///

# DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue Two, based on Plaintiff's subjective symptom testimony. It is therefore unnecessary to address the parties' remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**I.    Plaintiff's Subjective Symptom Testimony (Issue Two).**

   **A.    Legal Standard.**

An ALJ must make two findings in assessing a claimant's pain or symptom testimony. SSR 16-3P, 2017 WL 5180304, at *3; *Treichler*, 775 F.3d at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493

(9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

Beginning on March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on July 8, 2019, it is governed by SSR 16-3P. *See id*. at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). These changes are largely stylistic, and the ruling is consistent in substance with Ninth Circuit precedent that existed before the applicable date of the ruling. *See Trevizo*, 871 F.3d at 678 n.5.

### B. Background.

In 2015, Plaintiff injured his left thumb in a workplace accident. (AR 497.) In 2017, he broke his right ankle while playing basketball. (AR 893.) In 2019, he was hospitalized for confusion and unusual behavior. (AR 703.)

At the administrative hearings, Plaintiff testified about the mental and physical problems that allegedly prevented him from any work. As to his mental problems, Plaintiff testified as follows:

He takes medication for depression and anxiety. (AR 72-73.) He has panic attacks and has trouble being around others. (AR 73.) He loses focus and concentration. (*Id*.) Since he's been in treatment, his hands tremble. (AR 50.) He is afraid to leave his house. (AR 50-51.) With medication, he can go out, but not far. (AR 51.) The pills he takes for depression relax him too much, and he trembles a lot. (AR 52.)

As to his physical problems, the ankle problem in particular, Plaintiff testified as follows:

He broke his right ankle and was referred for surgery. (AR 71.) His doctor noticed that Plaintiff was not walking correctly. (AR 72.) He feels pain when he walks a lot. (*Id*.) He received a boot for the ankle. (*Id*.) He used the boot for six or seven months. (AR 54.) The ankle never healed correctly. (AR 81.) He can walk for four or five blocks at a time. (AR 53.) He uses a prescribed cane to walk. (*Id*.)

### C. Analysis.

The ALJ first found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR 29.) However, the ALJ next found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id*.)

To support this assessment, as Plaintiff acknowledges, the ALJ stated reasons for not crediting Plaintiff's statements about his mental limitations and hand tremors. (Joint Stip. at 16 (citing AR 26, 30-31).) Plaintiff acknowledges these reasons and does not challenge them. (Joint Stip. at 16.) Rather, Plaintiff challenges the ALJ's failure to address Plaintiff's statements about his ankle condition and the limitations it imposes on prolonged standing or walking. (*Id*. at 16-17.)

"Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Lambert v. Saul*, __ F.3d __, 2020 WL 6735633, at *10 (9th Cir. Nov. 17, 2020) (citing *Treichler*, 775 F.3d at 1103 ("[T]he ALJ's analysis need not be extensive.")). Nonetheless, in assessing a claimant's testimony, an ALJ must consider "*all* of the individual's symptoms." *See* SSR 16-3P, 2017 WL 5180304, at

\*2 (emphasis added); *see also* 20 C.F.R. §§ 404.1529(a) (2017), 416.929(a) (2017) ("We will consider *all* of your statements about your symptoms[.]") (emphasis added). More generally, an ALJ must explain why significant and probative evidence has been rejected. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (*per curiam*) (citation omitted).

The ALJ's assessment did not account for all of Plaintiff's testimony about his symptoms, specifically, Plaintiff's testimony about his ankle problem and the resulting limitation in walking to just a few blocks. That testimony was significant and probative evidence because it was directly responsive to the ALJ's finding that Plaintiff could perform work at all exertional levels (AR 28), which by definition requires "a good deal of walking or standing," *see* 20 C.F.R. §§ 404.1567(b), 416.967(b). Thus, the ALJ was required to explain (even if not extensively) why Plaintiff's testimony about the limitations from his ankle problem should not be credited. Without such an explanation, the ALJ's assessment of Plaintiff's testimony cannot be affirmed. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) ("While an ALJ may certainly find testimony not credible and disregard it as an 'unsupported, self-serving statement,' we cannot affirm such a determination unless it is supported by specific findings and reasoning.") (citing *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1464 (9th Cir. 1995)).

The Commissioner's arguments do not require a different result. The Commissioner first argues that the ALJ's assessment should be upheld because the ALJ found "no evidence of treatment or limitations" for the ankle. (Joint Stip. at 18 (citing AR 25); Joint Stip. at 20 (citing AR 26).) Even assuming without deciding that the ALJ made such a finding, it had nothing to do with the ALJ's assessment of Plaintiff's testimony. Thus, the Court may not construe such a finding as part of the assessment of Plaintiff's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) ("Although the ALJ made findings . . . concerning Claimant's

treatment . . ., he never stated that he rested his adverse credibility determination on those findings."); *see also Lambert*, 2020 WL 6735633, at *10 (an ALJ's statement of "high-level reasons" from the record for not crediting a claimant's allegations was insufficient to uphold the ALJ's assessment of those allegations).

The Commissioner further argues that the ALJ's assessment should be upheld because the ALJ found the ankle problem was a non-severe impairment at step two, without functional limitations. (Joint Stip. at 19.) But even if an ALJ finds that an impairment is non-severe at step two of the five-step evaluation, the ALJ still must address a claimant's testimony about the limitations he experiences from that impairment. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (an ALJ "is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity"); 20 C.F.R. §§ 404.1529(d)(1) (2017), 416.929(d)(1) (2017) ("Your symptoms . . . are considered in making a determination as to whether your impairment or combination of impairment(s) is severe."); SSR 16-3P, 2017 WL 5180304, at *11 (describing the significance of a claimant's testimony at step two).

Finally, the Commissioner argues that the ALJ's assessment should be upheld because Plaintiff claimed he was unable to work "not because of his ankle injury, but due to mental health issues." (Joint Stip. at 20.) To the contrary, Plaintiff did allege he was unable to work in part because of problems in his right ankle. Although Plaintiff's initial applications did not mention his ankle (AR 88-89, 99-100, 113, 126), it was clear from the subsequent record that the ankle problem was a basis for alleged disability. Both Plaintiff's testimony (AR 52-53) and his attorney's argument (AR 49) at the hearing explicitly stated that, in addition to the mental problems, the ankle problem was a reason Plaintiff was disabled. Thus, Plaintiff's right ankle impairment was properly at issue before the ALJ. *Cf. Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (ALJ did not err in assessing a claimant's allegation of severe back pain where she "never mentioned

back pain" at the hearing); *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (remand to an ALJ for consideration of claimant's back problems was unwarranted, while noting that the claimant's argument "would be more persuasive if her back problems had indeed been at issue in the ALJ Hearing").

In sum, clear and convincing reasons based on substantial evidence were not stated to reject Plaintiff's subjective symptom testimony about the limitations in his right ankle. Thus, reversal is warranted.

**II.     Remand for Further Administrative Proceedings.**

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation of explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal citations and quotation marks omitted).

This case does not present rare circumstances that would warrant a remedy other than a remand to the agency for further administrative proceedings. Outstanding factual issues remain, such that further administrative proceedings would be useful. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) (citing *Treichler*, 775 F.3d at 1101). For example, the Commissioner points out that evidence about Plaintiff's treatment history may have undermined Plaintiff's complaints about his right ankle. (Joint Stip. at 18, 20.) Although, as discussed above, this evidence could not be construed as a reason that the ALJ stated to reject Plaintiff's pain testimony, it nonetheless suggested a conflict with that testimony such that further proceedings for resolution of outstanding factual issues would be useful. *See Burrell*, 775 F.3d at 1141 (although reversal was warranted because of an ALJ's erroneous credibility determination, remand for further proceedings was warranted when evidence in the medical record not discussed by the ALJ was inconsistent with the claimant's testimony).

Moreover, because outstanding factual issues remain, the Court has no "discretion to credit [Plaintiff's] testimony as true." *See Treichler*, 775 F.3d at 1106. As a general matter, an ALJ's assessment of a claimant's pain testimony does not require that such testimony be credited as true merely because the issue is resolved in the claimant's favor. *See id.* ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony."). Rather, this case "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496.

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the final decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: December 8, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE